SUMMARY ORDER

Arthur and Gail Coward appeal from a judgment entered in the United States District Court for the Northern District of New York (McAvoy, J.), granting summary judgment in favor of the defendantsappellees. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
 The Cowards’ due process claim was properly dismissed because, under the circumstances, they received adequate notice and opportunity to be heard. Notice of the state’s temporary suspension of them operating certificate was received on September 8, 2004, and a temporary suspension hearing was held on October 6, 2004. (There is no claim that the Cowards were denied due process at the hearing). On November 4, 2004, the Cowards received notice of the state’s intent to permanently revoke them certificate, and that they could request a hearing within thirty days. By failing to request such a hearing, the Cowards waived their right to challenge the adequacy of the revocation procedures. See, e.g., Narumanchi v. Bd. of Trs. of Connecticut State Univ., 850 F.2d 70, 72 (2d Cir.88)(“Narumanehi’s failure to submit to the grievance procedures precludes consideration of the fairness of those proceedings in practice.”); Baird v. Bd. of Educ., 389 F.3d 685, 694-95 (7th Cir.2004)(“We have frequently held that terminated employees who do not avail themselves of pre-termination hearings waive their right to contest the adequacy of such hearings.”) In light of what the Cowards knew from the earlier hearing, the letter contained sufficient notice of the state’s allegations. Hence the Cowards received all process due under the circumstances. Cf. Mathews v. Eldridge, 424 U.S. 319, 334-35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).
 The district court’s dismissal of the Cowards’ First Amendment retaliation claim was also proper. Even assuming a causal connection between their speech and any adverse employment action, see Washington v. County of Rockland, 373 F.3d 310, 320-321 (2d Cir.2004), the Cowards’ speech did not address a matter of public concern. See Gronowski v. Spencer, 424 F.3d 285, 292 (2d Cir. 2005)(“[T]o prevail on a First Amendment retaliation claim, a public employee must demonstrate that her speech addressed a *649 matter of public concern....”). “Whether an employee’s speech addresses a matter of public concern is a question of law for the court to decide, taking into account the content, form, and context of a given statement as revealed by the whole record.” Lewis v. Cowen, 165 F.3d 154, 163 (2d Cir.1999) (citing Connick v. Myers, 461 U.S. 138, 147-48 and n. 7, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983)). “The heart of the matter is whether the employee’s speech was calculated to redress personal grievances or whether it had a broader public purpose.” Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir.2008) (citation and internal quotation marks omitted). In this case, the Cowards’ speech was essentially personal in nature, as it concerned the medical care of one individual, even if one of their comments could be construed broadly to implicate broader matters. Cf. Ezekwo v. New York City Health & Hosps. Corp., 940 F.2d 775, 781 (2d Cir.1991).
Finding no merit in the Cowards’ remaining arguments, we hereby AFFIRM the judgment of the district court.